## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUODONG WANG <br> Unit 1 Building 3 Wenhua Garden Residential Quarter <br> Apartment 2204 <br> Jinan, People's Republic of China <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS COLUCCI, Chief <br> Immigrant Investor Program Office <br> U.S. Citizenship and Immigration Services <br> 131 M Street, NE <br> Washington, DC 20529 <br><br> LEON RODRIGUEZ, Director <br> U.S. Citizenship and Immigration Services <br> 20 Massachusetts Avenue, NW <br> Washington, DC  20529 <br><br> JEH CHARLES JOHNSON, Secretary <br> U.S. Department of Homeland Security <br> 3801 Nebraska Ave NW <br> Washington, DC 20016 <br><br> Defendants. | Civ. No <br><br><br><br> **COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, GUODONG WANG, through undersigned counsel, complains of the

Defendants, NICHOLAS COLUCCI, Chief, Immigrant Investor Program Office, U.S.

Citizenship and Immigration Services; LEON RODRIGUEZ, Director, U.S. Citizenship and

Immigration Services; JEH CHARLES JOHNSON, Secretary, U.S. Department of Homeland

Security, as follows:

### I. PREFATORY STATEMENT

1.  This is an action to compel Defendants and those acting under them to take all appropriate

action immediately and forthwith to issue a decision on a Form I-526, Immigrant Petition by

Alien Entrepreneur, that was properly filed by Plaintiff, Mr. Guodong Wang, and received by

Defendant, U.S. Citizenship and Immigration Services ("USCIS"), on August 28, 2013.

Plaintiff has yet to receive a decision on his pending petition, despite multiple inquiries over

the past two years. Plaintiff's petition has been pending for over 25 months and counting.

The average processing time posted by USCIS on its website for a Form I-526 petition is

13.4 months. *See* USCIS Processing Time Information for the Immigrant Investor Program

Office, *available at* https://egov.uscis.gov/cris/processingTimesDisplay.do (last visited Oct.

13, 2015). Thus, Plaintiff's petition has been pending for nearly a year beyond normal

processing times. This unexplained delay is egregious and unreasonable, and Plaintiff

respectfully requests that this Court compel Defendants to perform their mandatory duty and

issue a decision on his long-pending petition without further delay.

## II. <u>JURISDICTION</u>

2.  This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts),

28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an

officer of the United States to perform his duty), to redress the deprivation of rights,

privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to

compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further

conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

3.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in

the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it

clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I-526, Immigrant Petition by Alien Entrepreneur. 8 C.F.R. § 204.6(k).

4.  Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because issuing a decision on a Form I-526 Immigrant Petition by Alien Entrepreneur is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on his petition, as no decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to take action and render a decision. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case¸* 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

5.  The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. §
    555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or
    their representatives and within a reasonable time, each agency shall proceed to conclude a
    matter presented to it"). If the agency fails to render a decision within a reasonable time, the
    Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1)
    (conferring power on the U.S. District Courts to compel agencies to perform "action
    unlawfully withheld or unreasonably delayed"). As set forth below, the delay of more than
    two years in rendering a decision on Plaintiff's petition is unreasonable.

6.  Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the
    Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's Form I-526
    Immigrant Petition by Alien Entrepreneur to be arbitrary and capricious, unconstitutional,
    and a violation of the INA, the federal regulations, and the APA. *See Accardi v.
    Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C.
    Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

### III. VENUE

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because this is an action
    against officers and agencies of the United States in their official capacities, brought in the
    district where Defendants reside.

8.  Moreover, at this time all Form I-526 Immigrant Petitions by Alien Entrepreneur are
    adjudicated at Defendant USCIS's Immigrant Investor Program Office, which is located in

4

Washington, D.C. Thus, a substantial part of the events or omissions giving rise to the claim have occurred or will occur in this judicial district.

## IV. PARTIES

9. Plaintiff GUODONG WANG is a citizen of China who resides in Jinan, China. Plaintiff is the Petitioner on a Form I-526, Immigrant Petition by Alien Entrepreneur filed with USCIS on August 29, 2013.

10. Defendant NICHOLAS COLUCCI is the Chief of USCIS's Immigrant Investor Program Office ("IPO"). This suit is brought against Mr. Colucci in his official capacity, as the IPO is the component of USCIS responsible for adjudicating Form I-526 Petitions by Alien Entrepreneur.

11. Defendant LEON RODRIGUEZ is the Director of USCIS. This suit is brought against Director Rodriguez in his official capacity, as USCIS is the component of the Department of Homeland Security ("DHS") responsible for adjudicating Form I-526 Petitions by Alien Entrepreneur.

12. Defendant JEH CHARLES JOHNSON is the Secretary of Homeland Security. This suit is brought against Secretary Johnson in his official capacity, as he is charged with overseeing the actions of DHS, including determinations on Form I-526 Petitions by Alien Entrepreneur.

## V. FACTS AND PROCEDURAL HISTORY

### A. The EB-5 Immigrant Investor Program

13. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program.

Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA § 203(b)(5),

8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy

through job creation and capital investment by foreign investors. Under the EB-5 Program,

foreign investors have the opportunity to obtain U.S. lawful permanent resident status for

themselves, their spouses, and their minor unmarried children by making a certain level of

capital investment and associated job creation or preservation in the United States. In 1993,

Congress announced a related pilot program – now known simply as the "Immigrant Investor

Program" – that introduced the concept of the "regional center." Department of Commerce,

Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L.

No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to pool

investor money in a defined industry and promote economic growth in a specific geographic

area.

14. The regional center model within the Immigrant Investor Program offers an immigrant

investor already-defined investment opportunities, thereby reducing his or her responsibility

to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can

operate regional centers, which can be any economic unit, public or private, that is engaged

in the promotion of economic growth, improved regional productivity, job creation, or

increased domestic capital investment. As of October 5, 2015, USCIS reports that it has

approved 745 regional centers throughout the United States. USCIS, Immigrant Investor

Regional Centers Homepage, *available at* http://www.uscis.gov/working-united-

states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/immigrant-investor-regional-centers (last visited Oct. 13, 2015).

15. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

16. The statute governing the EB-5 Program provides that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception exists if the immigrant investor invests his or her capital in a new commercial enterprise that is principally doing business in, and creates jobs in, a "targeted employment area." In such case, the immigrant investor must invest a minimum of $500,000 in capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).

17. The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

18. A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program. *Id.*

19. The job-creation requirement for EB-5 participants provides that the investment must create no fewer than ten full-time jobs in the United States for authorized workers, not including the

immigrant investor, his or her spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii).

**B.  Plaintiff's Form I-526 Petition under the EB-5 Program**

20. On August 10, 2009, the City of Dallas, Texas, entered into a contract with Civitas Capital Management, LLC ("Civitas") appointing Civitas to manage the City of Dallas Regional Center ("CDRC").

21. On September 8, 2009, Defendant USCIS approved the CDRC for participation in the regional center pilot program as a designated regional center.

22. On July 13, 2012, Civitas formed Civitas Maple Fund, LP ("Civitas Maple"), a Texas Limited Partnership. Civitas Maple was formed for the purpose of investing in the building, leasing, and management of a 249-unit multifamily housing development project:  Alta Maple Station at 5522 Maple Avenue in Dallas, Texas, which is located within the project area of the CDRC.

23. On April 2, 2013, CDRC applied with USCIS to amend CDRC's previously approved regional center designation. Specifically, CDRC sought to designate Civitas Maple as an EB-5 compliant new capital investment project.

24. On June 6, 2013, Plaintiff Guodong Wang invested $500,000 in Civitas Maple, giving him a 4.348% interest in the fund. Civitas Maple admitted Plaintiff as a limited partner.

25. On June 25, 2013, Dallas Mayor Mike Rawlings, pursuant to authority delegated to him by the Governor of the State of Texas, designated certain continuous census tracts in the City of

Dallas as a targeted employment area. This area included the location where the Alta Maple

Station multifamily housing development project would be built, leased, and managed.

26. On August 29, 2013, USCIS received Plaintiff's Form I-526, Immigrant Petition by Alien

Entrepreneur. Plaintiff's application included all initial evidence necessary to accompany an

I-526 petition. 8 C.F.R. § 204.6(j). Specifically, Plaintiff's I-526 submission included a

completed Form I-526 with the appropriate filing fee of $1,500, 8 C.F.R. §

103.7(b)(1)(i)(W); a Project Memorandum supported by a Comprehensive Business Plan;

and a Petitioner Memorandum establishing the lawful source of capital invested by the

Plaintiff and tracing the remittance of Plaintiff's capital to the Civitas Maple account.

27. The application was received by USCIS's California Service Center and subsequently

transferred to the USCIS Immigrant Investor Program Office ("IPO") in Washington, D.C.

The IPO was established as a program office to be devoted exclusively to EB-5

adjudications. *See* USCIS Executive Summary of Feb. 26, 2014 EB-5 Stakeholder

Teleconference, *available at*

http://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20En

gagements/PED-EB5-ExecSummary_02-26-14.pdf.

28. On May 15, 2014, USCIS approved the CDRC's application to amend its regional center

designation to include Civitas Maple as an EB-5 compliant new capital investment project.

USCIS concluded that the Civitas Maple project – the construction of the Alta Maple Station

– would likely result in the creation of at least 297.5 jobs.

29. In response to Plaintiff's first case status inquiry, an unnamed IPO official stated in an e-mail dated September 10, 2014, that Plaintiff's case "is currently assigned to a USCIS Officer."

30. On January 26, 2015, Plaintiff filed a second inquiry with the IPO. Plaintiff's inquiry stated that at that time, USCIS had already approved 15 of the total 23 Form I-526's filed by investors in Civitas Maple. In an e-mail dated January 28, 2015, an unnamed official with the IPO responded that Plaintiff's application is "currently pending with the IPO. We regret that we are unable to provide you with a completion date at this time."

31. On July 19, 2015, Plaintiff filed a third inquiry with the IPO. Plaintiff's inquiry stated that at that time, USCIS had approved all 23 Form I-526's filed by investors in Civitas Maple with the exception of Plaintiff's Form I-526. In an e-mail dated July 29, 2015, an unnamed official with the IPO responded that Plaintiff's application "is currently pending with the [IPO]. We regret that we are unable to provide you with a completion date at this time."

32. According to information posted on USCIS's website, the average processing time for a Form I-526 petition filed with the IPO is 13.4 months. *See* USCIS Processing Time Information for the Immigrant Investor Program Office, *available at* https://egov.uscis.gov/cris/processingTimesDisplay.do (last visited Oct. 13, 2015). Plaintiff's application has now been pending for more than 25 months and counting. In addition, since at least July 19, 2015, all other petitions filed by Civitas Maple investors – with the exception of Plaintiff's – have been approved by USCIS.

## VI. <u>CAUSE OF ACTION</u>

33. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-32 above.

34. Plaintiff's Form I-526 has been pending for more than 25 months, which amounts to a full year beyond normal processing times for Form I-526 petitions and a year and a half beyond Congress's preferred 180-day adjudication timeline. *See* 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

35. USCIS has approved all other petitions filed by immigrant investors in Civitas Maple, with the sole exception of the Form I-526 Petition filed by Plaintiff. Defendants have failed to supply any reason for the disparate treatment accorded Plaintiff's petition.

36. Plaintiff has submitted multiple inquiries to the relevant USCIS authorities, but Defendants have offered no explanation for their persistent delay and no indication whether a decision on the petition is imminent. In fact, Defendants' responses to Plaintiff's inquiries suggest that the petition may have been taken back from an adjudicating officer. On September 10, 2014, an unnamed IPO official stated that Plaintiff's case "is currently assigned to a USCIS Officer[,]" whereas nearly ten months later, on July 29, 2015, an unnamed official with the IPO stated that Plaintiff's application "is currently pending with the [IPO.]" Such a persistent and unexplained delay is unreasonable.

37. Plaintiff is understandably eager to receive a decision on his Form I-526 petition. The delay in adjudication impacts Plaintiff's ability to immigrate to the United States along with his spouse, delays the commencement of his statutorily mandated two-year conditional permanent residence period, 8 U.S.C. § 1186b, and postpones the date on which he will be eligible to apply for naturalization to become a U.S. citizen.

38. Consequently, Plaintiff seeks to compel Defendants to make a decision on his long-pending I-526 petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. *See* 8 U.S.C. § 1153(b)(5)(A) ("Visas *shall* be made available … to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ….") (emphasis added); *see also Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiff does not have any alternative means to obtain a decision on his petition and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

39. Plaintiff has met all filing requirements for his Form I-526 petition. He filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants,

Plaintiff has had to wait more than 2 years and counting for a decision on his petition. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

40. As all administrative remedies have now been exhausted, and Plaintiff is suffering a continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint. Accordingly, Plaintiff respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on his Form I-526 petition.

## VII. CLAIMS

41. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). Plaintiff meets these criteria.

42. First, Plaintiff has a clear right to the relief requested, as he has fully complied with all the statutory and regulatory requirements for filing a Form I-526 petition, including the submission of all necessary initial documentation and the payment of all required fees. Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it remains pending with the IPO. Defendants are required by regulation to make a decision on Plaintiff's petition. *See* 8 C.F.R. § 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision ...."). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and

necessity of the parties or their representatives and *within a reasonable time*, each agency

shall proceed to conclude a matter presented to it." (Emphasis added).

43. Second, Defendants have a clear duty to act upon and make a decision on Plaintiff's I-526

petition. This duty is owed under the INA and the federal regulations and, by charging a

filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the

application. *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1). *See also Lujan v. Defenders of

*Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action

or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue,

. . . there is ordinarily little question that the action or inaction caused him injury, and that a

judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470

F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary

duty to process applications for immigration benefits).

44. Although there is no statutory deadline for rendering a decision on a Form I-526 petition,

there is a nondiscretionary duty to take such action within a reasonable period of time. *See* 5

U.S.C. §§ 555(b), 706(1). Defendants have failed to perform this duty and have, in fact, far

exceeded their own estimated processing times.

45. Third, the Court should compel Defendants to issue a decision on Plaintiff's long-pending

petition, because no other adequate remedy is available to Plaintiff. Defendants have

inexplicably and unreasonably failed to perform their clear duty to act. Despite Plaintiff's

filing of all necessary documentation, payment of all required fees, and submission of

inquiries through multiple channels,[1] no decision or explanation for the continued delay has been issued. Plaintiff has now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

46. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same).

47. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

48. As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiff's Form I-526 petition, and have unreasonably delayed action for more than two years without stated justification, and as Plaintiff has exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on Plaintiff's petition without further

---

[1] Plaintiff has filed inquiries directly with the IPO and with the USCIS Ombudsman's Office.

unreasonable delay. *See* 8 U.S.C. § 1329; 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

49. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VIII. **PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1. Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiff's Form I-526 petition without further delay;

2. Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;

3. Grant reasonable attorney's fees and costs to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted this 15th day of October 2015,

By counsel,_____ */s/ Thomas K. Ragland*_____

Thomas K. Ragland
D.C. Bar No. 501021
BENACH RAGLAND LLP
1333 H Street, N.W., Suite 900 West
Washington, DC 20005
T: (202)644-8600
F: (202)644-8615
E: tkragland@benachragland.com

*Counsel for Plaintiff*

16